UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALISON WARREN,

    Plaintiff,

v.

BASTYR UNIVERSITY, *et al.*,

    Defendants,

Case No. C11-1800RSL

ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

This matter comes before the Court on Plaintiff's "Motion for Leave to File Second Amended Complaint" (Dkt. # 28). Plaintiff seeks to add Dr. Samer Koutoubi as an individual defendant and add charges against Bastyr University and Dr. Koutoubi for Title VII sexual and racial discrimination. The Court GRANTS the motion.[1]

A court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[1] The Court DENIES Plaintiff's motion to strike Defendants' untimely response (Dkt. # 29). Reply (Dkt. # 31) at 2. Defendants are directed, though, to review Local Civil Rule 7.

ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

1  amendment, futility of amendment, etc.—the leave sought should, as the rules require, be
2  freely given." Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal
3  quotation marks omitted).

4  In the present case, Defendants raise only one objection to Plaintiff's motion: that
5  Plaintiff has yet to exhaust her administrative remedies by filing a charge with the
6  EEOC. Response (Dkt. # 29); see Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104
7  (9th Cir. 2008) ("A person seeking relief under Title VII must first file a charge with the
8  EEOC within 180 days of the alleged unlawful employment practice, or, if, as here, the
9  person initially instituted proceedings with the state or local administrative agency,
10 within 300 days of the alleged unlawful employment practice."); id. (noting that the
11 exhaustion requirement is not jurisdictional). In her Reply, Plaintiff conceded that she
12 had yet to comply with this prerequisite, but indicated that she had started the process.
13 Dkt. # 31. She subsequently informed the Court that the EEOC issued her a "right to
14 sue" letter on March 6, 2012. Dkt. # 35-1. That would appear to settle the matter.

15 While the Court believes there may be an issue as to whether Plaintiff can
16 succeed on her Title VII claims <u>given her apparent delay in filing a charge with the
17 EEOC</u>,[2] it finds that those claims "may be a proper subject of relief" and Plaintiff "ought
18 to be afforded an opportunity to test [those] claim[s] on the merits." Foman, 371 U.S. at
19 182. Accordingly, the Court GRANTS the motion and directs Plaintiff to file her second
20 amended complaint with the Court.

---

[2] Compare Dkt. # 28-1 (alleging that Dr. Koutoubi began harassing Plaintiff on February 25, 2011), with MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081, 1088 (9th Cir. 2006) (affirming the dismissal of Title VII claims as "untimely because [the Plaintiff] failed to file her charge with the EEOC within 180 days of the last alleged discriminatory employment practice").

ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT - 2

1     DATED this 6th day of April, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT - 3