1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
_____ )
ALISON WARREN,                          )     No. 2:11-cv-01800-RSL
9                                        )
                          Plaintiff,    )
10            v.                         )     ORDER GRANTING IN PART
                                         )     DEFENDANT'S MOTION TO
11   BASTYR UNIVERSITY, *et al.*,        )     COMPEL DISCOVERY RESPONSES
                                         )
12                        Defendants.    )
_____ )
13

14                              **INTRODUCTION**

15           This matter comes before the Court on defendant Koutoubi's "Motion To Compel

16   Discovery Responses." Dkt. # 83. Plaintiff objects to the discovery requests served by defendant

17   Dr. Saner Koutoubi and his wife on the grounds that they exceed the limit on the number of

18   interrogatories allowed by Federal Rule of Civil Procedure 33(a) and that several of the

19   interrogatories and requests for production are unduly burdensome, overly broad, irrelevant, ask

20   for privileged information, or are otherwise objectionable. Plaintiff has filed a cross-motion for

21   protective order.  Dkt. # 87. Having reviewed the memoranda, declarations, and exhibits

22   submitted by the parties, the Court finds as follows:

23                               **BACKGROUND**

24           On October 27, 2011, plaintiff Alison Warren filed a complaint asserting ten

25   claims, including racial discrimination, a variety of breach of contract claims, defamation, and

26

ORDER GRANTING IN PART
MOTION TO COMPEL

intentional and negligent infliction of emotional distress, against Bastyr University and a number of individual defendants. Dkt. # 1. On April 9, 2012, plaintiff filed a Second Amended Complaint adding defendants Dr. Saner Koutoubi and Jane Doe Koutoubi (hereinafter, "defendant Koutoubi") and alleging sexual harassment and intentional and negligent infliction of emotional distress.

Defendant Koutoubi's First Set of Interrogatories and Requests for Production of Documents contained sixteen numbered interrogatories and seven requests for production related to plaintiff's identify, her personal, educational, and work history, and the identity of persons and other information related to plaintiff's claims. Motion (Dkt. # 83) at 2-3. Plaintiff objected to each of the discovery requests on various grounds.

The parties engaged in a discovery conference but were unable to resolve the dispute. After defendant Koutoubi filed his motion to compel, plaintiff served supplemental disclosures under Rule 26(a). The motion to compel and the cross-motion for protective order address substantially the same issues and shall therefore be considered together.

## DISCUSSION

### I. Numerical Limits on Interrogatories

Plaintiff contends that defendant Koutoubi exceeded the permissible number of interrogatories. Federal Rule of Civil Procedure 33(a)(1) provides: "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33 does not, however, define "discrete subparts." The Advisory Committee states:

> Parties cannot . . . join[] as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Fed. R. Civ. P. 33 Advisory Committee Notes regarding 1993 Amendment.

ORDER GRANTING IN PART
MOTION TO COMPEL                            -2-

Courts have formulated various tests for determining when subparts are actually a separate interrogatory. Interrogatory subparts are counted as a single interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998). "A single question asking for several bits of information related to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting.')" Hasan v. Johnson, No. 1:08-cv-00381-GSA-PC, 2012 WL 569370, at *4 (E.D. Cal. Feb. 21, 2012).  However, if the interrogatory poses a question that can be answered fully and completely without answering the second question, then the subparts are discrete. Walech v. Target Corp., No. C11-0254RAJ, 2012 WL 1068068, at *3 (W.D. Wash. Mar. 28, 2012); Estate of Manship v. U.S., 232 F.R.D. 552, 555 (M.D. La. 2005). Similarly, an inquiry requesting the same information regarding disparate claims, defenses, or events counts as multiple interrogatories. Jovanovich v. Redden Marine Supply, Inc., No. C10-0924RSM, 2011 WL 4459171, at *3 (W.D. Wash. Sept. 26, 2011); Collaboration Props., Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004). "Since many of these formulations are difficult to apply or perhaps even conflicting, some courts have taken a 'pragmatic approach,' looking to see if an interrogatory threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." Paananen v. Cellco Partnership, 2009 WL 3327227, at *2 (W.D. Wash. Oct. 8, 2009) (citing Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005), and Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7, 10 (D.D.C. 2004)). With these evaluative tools in mind, the Court will determine the number of interrogatories that defendant Koutoubi has propounded.

**A. Defendant's Interrogatories**

**i. Interrogatory No. 1**

Interrogatory No. 1 asks plaintiff to state: a) her full name, date of birth, and social security number; b) whether she has ever been known by any other name and the period of time

during which she was known by the name; and c) whether her name has ever been legally changed, and if so when, where, and through what procedure. Turner Decl. (Dkt. # 84) Ex. 1 at 11. Although this interrogatory presents a number of subparts, they are all part of a single line of inquiry relating to plaintiff's identity and should be counted as one interrogatory.

### ii. Interrogatory No. 2

The parties agree that Interrogatory No. 2, which requests plaintiff's residential history, is a single interrogatory. Motion (Dkt. # 83) at 6; Response (Dkt. # 87) at 6.

### iii. Interrogatory No. 3

Interrogatory No. 3 asks plaintiff to identify the name and address of each grammar school, high school, college, university, or vocational school that she has attended, the years of her attendance, and the degree or diploma she received, if any. Turner Decl. (Dkt. # 84) Ex. 1 at 12. This interrogatory presents a single line of inquiry relating to plaintiff's educational history and should be counted as a single interrogatory.

### iv. Interrogatory No. 4

Interrogatory No. 4 asks plaintiff to identify: a) the names and addresses of her past employers, including any periods of self-employment for the past five years; b) the dates of commencement and termination of each such employment, including any periods of self-employment; c) her compensation for each such employment; d) her immediate supervisor for each such employment; e) if the employment has been terminated, the reason for the termination; and f) her job titles, job duties and responsibilities for each employment. Turner Decl. (Dkt. # 84) Ex. 1 at 12–13.

This interrogatory presents two lines of inquiry and should be counted as two interrogatories. The first line of inquiry relates to the theme of plaintiff's employment history. Certain subparts—the names and addresses, the dates, the compensation, the supervisors, and the titles, duties and responsibilities—are logically subsumed within the employment history

ORDER GRANTING IN PART
MOTION TO COMPEL                    -4-

inquiry. The second inquiry asks whether plaintiff has ever been terminated and the reasons for any terminations. The details of any terminations in plaintiff's past is a thematically distinct inquiry from establishing her employment history and should be treated as a separate interrogatory.

### v. Interrogatory No. 5

This interrogatory asks plaintiff to provide information related to every complaint, charge, grievance, and claim filed by her or on her behalf against any employer or educational institution. Turner Decl. (Dkt. # 84) Ex. 1 at 13. Despite the reference to employment and education, the interrogatory simply seeks identifying information about plaintiff's prior disputes and could have been asked more broadly to encompass all complaints, charges, grievances, and claims. The fact that defendant Koutoubi limited his inquiry to disputes arising out of employment and education does not multiply the number of interrogatories.

### vi. Interrogatory No. 6

Interrogatory No. 6 asks plaintiff to provide information related to any criminal charges filed against her. Turner Decl. (Dkt. # 84) Ex. 1 at 13. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### vii. Interrogatory No. 7

Interrogatory No. 7 asks plaintiff to state the factual basis for each of the causes of action alleged in the Second Amended Complaint against defendant Koutoubi. Turner Decl. (Dkt. # 84) Ex. 1 at 14. It is not clear which of the thirteen claims are asserted against defendant Koutoubi, however, and plaintiff offers no assistance in this regard, having declined to provide any analysis of Interrogatories Nos. 5-16. Response (Dkt. # 87) at 7. It appears that plaintiff's claims against defendant Koutoubi can be grouped into two categories: claims of sexual harassment and claims for emotional distress.  Fully and completely responding to an inquiry regarding the facts supporting a claim for sexual harassment will not necessarily reveal the facts

supporting a claim for emotional distress damages.  Thus, the Court finds that this interrogatory presents (at least) two distinct lines of inquiry.

### viii. Interrogatory No. 8

Interrogatory No. 8 asks plaintiff to identify every person who has knowledge of the facts and circumstances surrounding her claims, and the subject matter of these persons' knowledge. Turner Decl. (Dkt. # 84) Ex. 1 at 14. This interrogatory presents a single line of inquiry and should be treated as a single interrogatory.

### ix. Interrogatories No. 9 and 10

Interrogatories No. 9 and 10 each ask plaintiff to identify persons to whom she reported defendant Koutoubi's alleged sexual harassment (both at Bastyr and elsewhere) and to identify any documents related to the same. Turner Decl. (Dkt. # 84) Ex. 1 at 14–15. These interrogatories present two lines of inquiry. The first asks for the identity of certain individuals while the second asks plaintiff to identify the evidence related to the same. See Willingham, 226 F.R.D. at 60 ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories because knowing that an event occurred is entirely different from learning about the documents that evidence it occurred.") (internal citations omitted); Paananen, 2009 WL 3327227, at *3 ("Even though the two inquiries do relate to the same theme, neither is subsumed within the other because the inquiry into the facts supporting a defense can be answered fully and completely without identifying the documentary support for those facts. The separate question of documentary support does not seek 'who, what, when, where, and how' information, but instead asks a separate question:  how do you know?"). Interrogatories No. 9 and No. 10 should each be counted as two interrogatories.

### x. Interrogatory No. 11

This interrogatory asks plaintiff to identify any persons whom she, or anyone acting on her behalf, has obtained statements from related to the allegations set forth in her

complaint and to explain the contents of any such statement. Turner Decl. (Dkt. # 84) Ex. 1 at 15. This interrogatory seeks information regarding witness statements (the who and the what) and presents a single line of inquiry.

### xi. Interrogatory No. 12

This interrogatory asks plaintiff to identify all documents, materials, presentations, outlines, research projects, publications, supporting data, articles and information that defendant Koutoubi researched, reviewed, revised, authored or prepared for plaintiff that were related to her class or clinic work at Bastyr University. Turner Decl. (Dkt. # 84) Ex. 1 at 16. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### xii. Interrogatory No. 13

This interrogatory asks plaintiff to "summarize the context" of her conversations with defendant Koutoubi during several in-person meetings. Turner Decl. (Dkt. # 84) Ex. 1 at 17. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### xiii. Interrogatory No. 14

This interrogatory asks plaintiff to identify any physicians, counselors, psychiatrists, psychologists, mental health specialists, priests or pastors who have treated her any time in the last five years. Turner Decl. (Dkt. # 84) Ex. 1 at 17. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### xiv. Interrogatory No. 15

This interrogatory asks plaintiff to state the nature and amount of damages she is alleging, including supporting calculations. Turner Decl. (Dkt. # 84) Ex. 1 at 17–18. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### xii. Interrogatory 16.

Interrogatory No. 16 seeks information relating to all expert witnesses plaintiff intends to call at trial and the opinions those experts plan to offer. Turner Decl. (Dkt. # 84) Ex. 1

ORDER GRANTING IN PART
MOTION TO COMPEL                    -7-

at 17–18. This interrogatory presents one line of inquiry and should be counted as one interrogatory.

### B. Total Number of Interrogatories

For all of the foregoing reasons the Court finds that defendant Koutoubi expounded only twenty interrogatories. Therefore, the Court finds that he has not exceeded the number of interrogatories allowed by Federal Rule of Civil Procedure 33(a)(1).

## II. Other Objections

### A.  Relevance

Plaintiff objects to Interrogatories Nos. 3, 4, 10, 12, and 14 on the ground that they are not likely to lead to the discovery of admissible information. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " United States v. Stever, 603 F.3d 747, 753 (9th Cir. 2010) (quoting Fed. R. Evid. 401) (emphasis in original). The Court finds that all of defendant Koutoubi's interrogatories seek information that is clearly relevant to the claims and defenses asserted in this litigation.

### B.  Undue Burden or Harm

Plaintiff further argues that forcing her to respond to a number of the interrogatories would cause undue burden or harm and seeks a protective order.[1] Pursuant to Federal Rule of Civil Procedure 26(c), the Court may limit the frequency or scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[1]  Defendant's objections regarding a lack of certification are overruled.  Defense counsel has stated that both the 25-interrogatory limit and plaintiff's secondary objections were discussed on December 17, 2012.  Turner Decl. (Dkt. # 84) at ¶ 10.

ORDER GRANTING IN PART
MOTION TO COMPEL                           -8-

1   expense . . . ." In determining whether a burden is "undue," the Court considers whether: i) the

2   discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

3   source that is more convenient, less burdensome, or less expensive; ii) the party seeking

4   discovery has had ample opportunity to obtain the information by discovery in the action; or

5   iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the

6   needs of the case, the amount in controversy, the parties' resources, the importance of the issues

7   at stake in the action, and the importance of the discovery in resolving the issues.

8                              **i. "Stalker Like Behavior"**

9           Plaintiff objects to supplying her date of birth and social security number as

10  requested by Interrogatory No. 1 and her present and past addresses as requested by

11  Interrogatory No. 2 on the grounds that defendant Koutoubi has allegedly engaged in "stalker

12  like behavior" and the information requested could be used to facilitate such behavior. Turner

13  Decl. (Dkt. # 84) Ex. 1 at 11. This assertion is consistent with plaintiff's underlying claims of

14  sexual harassment, and defendant Koutoubi has not shown that he needs the information in order

15  to defend himself from or to adequately investigate plaintiff's claims. The Court therefore

16  GRANTS plaintiff's motion for a protective order as to the disclosure of her date of birth, social

17  security number, and present and past addresses.

18                       **ii. Disclosure of Expert Witnesses**

19          Interrogatory No. 16 and Request for Production No. 7 seek the identity and

20  reports of all experts who are expected to testify in this matter. Pursuant to Fed. R. Civ. P.

21  26(a)(2)(D), disclosure of experts and their reports shall be "at the times and in the sequence that

22  the court orders" or 90 days before trial. The Court assumes the parties complied with the

23  December 19, 2012, deadline for exchanging expert reports and will not compel production in

24  response to discovery requests. See, e.g., Trevino v. ACB Am., Inc., 232 F.R.D. 612, 617 (N.D.

25  Cal. 2006) (denying motion to compel information prior to the time mandated by the case

26

ORDER GRANTING IN PART
MOTION TO COMPEL                     -9-

1   scheduling order).

2   ### iii.  Overbreadth and Undue Burden

3   Plaintiff objects to Interrogatories Nos. 3, 4, 10, 12, and 14 and Requests for

4   Production Nos. 4 and 5 and on the grounds that they are overly broad and unduly burdensome.

5   Turner Decl. (Dkt. # 84) Ex. 1 at 12-13, 15-17. With regards to most of these requests, plaintiff

6   has not provided the court sufficient information to determine if they are objectionable on the

7   stated grounds, and it is not obvious to the Court that they are. The Court therefore GRANTS

8   defendant Koutoubi's motion to compel with respect to Interrogatories Nos. 3, 4, 10, and 14 and

9   Request for Production No. 5.

10   Plaintiff argues that Interrogatory No. 12 and Request for Production No. 4 are

11   overly broad and unduly burdensome because defendant Koutoubi has access to the information

12   and documents as readily as plaintiff does. Response (Dkt. # 87) at 9. This interrogatory and

13   request for production ask for documents and other information prepared by defendant Koutoubi

14   for plaintiff related to her class work or clinic work at Bastyr University. Although defendant

15   Koutoubi may be aware or have copies of some of the requested information and documentation,

16   there is no reason to assume that he would have kept copies of all materials prepared for

17   plaintiff. In light of the relatively low burden of identifying and producing any responsive

18   documents and the relatively high likelihood that defendant Koutoubi does not have all

19   responsive information, the motion to compel with respect to Interrogatory No. 12 and Request

20   for Production No. 4 is GRANTED.

21   ### iv.  Duplicate Requests

22   Plaintiff objects to Interrogatories Nos. 4 and 7 on the ground that plaintiff was

23   asked about the subject matter of these interrogatories during her deposition. Parties may utilize

24   any of the methods of discovery set forth in the Federal Rules of Civil Procedure, and plaintiff

25   makes no effort to show that the questions asked during deposition are duplicative of the

26

ORDER GRANTING IN PART
MOTION TO COMPEL                    -10-

carefully-drafted interrogatories at issue here. The motion to compel with respect to Interrogatories Nos. 4 and 7 is GRANTED.

### C. Attorney-Client Privilege and the Work Product Doctrine

Plaintiff objects to Interrogatories Nos. 9, 10, and 11 on the basis of attorney-client privilege and the work product doctrine. The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The work product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." Admiral Ins. Co. v. U.S. Dist. Ct., 881 F.2d 1486, 1494 (9th Cir. 1989).

Interrogatory No. 9 seeks the identity of persons associated with Bastyr to whom plaintiff recounted her allegations of sexual harassment and the content of those communications.  The interrogatory seeks information regarding communications that are not confidential and have no obvious tie to counsel or counsel's preparations for litigation. Interrogatory No. 10 seeks similar information regarding persons not associated with Bastyr. This inquiry likely sweeps within its scope communications plaintiff had with counsel for purposes of obtaining legal advice.  To that extent, the motion for protective order is granted. Interrogatory No. 11 seeks information regarding any and all witness statements obtained by plaintiff and/or her counsel.  Certain statements are likely protected by the work product doctrine and need not be produced.  Plaintiff shall supplement her interrogatory responses to disclose any communications and witness statements that do not fairly fall into the attorney-client privilege or work product doctrine.  To the extent any documents responsive to Request for Production No. 3 are withheld on the grounds of privilege, they must be included in a privilege log.

### D. Physician-Patient and Priest-Penitent Privilege

Interrogatory No. 14 and Request for Production No. 5 seek the identity of all of

ORDER GRANTING IN PART
MOTION TO COMPEL                    -11-

1   plaintiff's medical, mental health, and pastoral providers and copies of all medical records from

2   the past five years.  Plaintiff objects on the grounds that the requests violate the physician-patient

3   privilege and the priest-parishioner privilege.

4               **i. Physician-Patient Privilege**

5               The physician-patient privilege does not apply in this case. The federal law of

6   privilege governs federal question cases even where, as here, the Court exercises supplemental

7   jurisdiction over pendent state law claims. Religious Tech. Center v. Wollersheim, 971 F.2d 364,

8   367 n.10 (9th Cir. 1992) (refusing to apply California litigation privilege in copyright action with

9   pendent state law claims). There is no physician-patient privilege recognized under federal

10  common law or in the Ninth Circuit. In re Grand Jury Proceedings, 867 F.2d 562, 564 (9th Cir.

11  1989) (noting Ninth Circuit's refusal to adopt a physician-patient privilege), abrogated on other

12  grounds by Jaffee v. Redmond, 518 U.S. 1 (1996) (recognizing a psychotherapist-patient

13  privilege in federal law). See also Hutton v. City of Martinez, 219 F.R.D. 164, 166 (N.D. Cal

14  2003) ("The physician-patient privilege is not recognized by federal common law, federal

15  statute, or the U.S. Constitution.").

16              If, in the alternative, plaintiff meant to assert a psychotherapist-patient privilege

17  rather than a physician-patient privilege,[2] the privilege has been waived in this matter.  A claim

18  for damages based on "garden variety" emotional distress does not necessarily waive the

19  psychotherapist-patient privilege. See, e.g., Fitzgerald v. Cassil, 216 F.R.D. 632, 639

20  (N.D. Cal. 2003). In this case, however, plaintiff has alleged two causes of action based entirely

21  on the assertion that she has suffered emotional distress. The jury will not be asked to simply

22  determine compensable damages keeping in mind the emotional distress plaintiff experienced as

23  a natural result of defendant's conduct.  Rather, specific evidence of emotional distress will have

24

25        [2]  The Court considers the possibility of a psychotherapist-patient privilege only because
      defendant Koutoubi addressed the privilege in his motion to compel. Motion (Dkt. # 83) at 9-10.

26
      ORDER GRANTING IN PART
      MOTION TO COMPEL                    -12-

to be presented if plaintiff hopes to establish two of her claims. See, e.g., Hegel v. McMahon, 136 Wn.2d 122, 130, 960 P.2d 424, 429 (1998); Birklid v. Boeing Co., 127 Wn.2d 853, 867, 904 P.2d 278, 296 (1995). Having placed her mental and emotional health at issue, plaintiff has waived any psychotherapist-patient privilege that may have attached. See Lahrichi v. Lumera Corp., 433 Fed.Appx. 519, 521 (9th Cir. 2011) (holding that claims of negligent and intentional infliction of emotional distress waive psychotherapist-patient privilege). Plaintiff's objections and request for a protective order based on either the physician-patient or the psychotherapist-patient privilege are DENIED.

### ii.  Priest-Penitent Privilege

The United States Supreme Court has long recognized a priest-penitent privilege. The privilege has been stated broadly as "embracing any confession by a penitent to a minister in his capacity as such to obtain such spiritual aid as was sought and held out in this instance." Mockaitis v. Harcleroad, 104 F.3d 1522, 1522 (9th Cir. 1997) (internal citations omitted), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507 (1997). The Court therefore DENIES defendant Koutoubi's motion to compel with respect to any information plaintiff has withheld which is protected by the priest-penitent privilege.

### E. Computation of Damages

Interrogatory No. 15 and Request for Production No. 6 seek the basis for plaintiff's damage calculation. Plaintiff responded by referring to her Initial Disclosure, dated January 26, 2012, and asserting $1,000,000 in damages for mental pain/emotional distress. Turner Decl. (Dkt. # 84) Ex. 1 at 17-18. Plaintiff filed a supplemental disclosure on January 1, 2013, in which she identified her lost profits according to a formula agreed upon between her and Bastyr. She also identified, among other damages, emotional distress damages in the amount of $1,000,000. She provided no additional information explaining or supporting this figure. Berner Decl. (Dkt. # 88) Ex. 6 at 3-4.

ORDER GRANTING IN PART
MOTION TO COMPEL                        -13-

While plaintiff is not expected to predict how the jury will react to the evidence at trial, the Federal Rules require her to provide a computation related to each category of damages claimed and supporting documents at the outset of the case (Fed. R. Civ. P. 26(a)(1)(A)(iii)) and to supplement or correct her computation as needed (Fed. R. Civ. P. 26(e)(1)). Although computations of emotional distress damages can be "difficult to quantify" and are "typically considered a fact issue for the jury" (E.E.O.C. v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 639 (E.D. Wash. 2011) (collecting cases), plaintiff has alleged a specific dollar amount, suggesting that quantification is possible and that she has some factual basis for the $1,000,000 claim.  If plaintiff intends to request a specific dollar amount as just compensation for her emotional distress, she shall supplement her Rule 26 disclosures to the extent that there are any facts or documents supporting the calculation.  Failure to adequately disclose the basis for the claim may prevent plaintiff from suggesting a specific amount to the jury.  Sandoval v. American Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. 2007).

**III. Attorneys' Fees**

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, or if a disclosure were made after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," with certain limited exceptions.  This same fee-shifting provision applies when a motion for protective order is granted.  Fed. R. Civ. P. 26(c) (3).

Despite some limited success on her motion for protective order, it is clear that defendant Koutoubi's motion to compel was necessitated by plaintiff's unfounded and unsupportable method of counting interrogatories, resulting in her flat refusal to answer any interrogatories beyond Interrogatory No. 4. Plaintiff's conduct was not substantially justified and

ORDER GRANTING IN PART
MOTION TO COMPEL                    -14-

the fact that a few of her alternative arguments had merit does not justify her blanket refusal to respond to properly propounded discovery requests.

## CONCLUSION

For all of the foregoing reasons, defendant Koutoubi's motion to compel (Dkt. # 83) is GRANTED in part and plaintiff's cross-motion for a protective order (Dkt. # 87) is GRANTED in part. Plaintiff need not provide her birth date, social security number, or present or past addresses in response to Interrogatories No. 1 and 2, nor need she provide information or documentation protected by the attorney-client privilege, the work product doctrine, or the priest-penitent privilege as described in this order. To the extent any document is withheld based on one of these privileges, however, a privilege log must be produced within fourteen days of the date of this order. Plaintiff shall supplement all other discovery responses within the same time frame.

Defendant's request for attorney's fees has merit. Defendant shall submit a statement of reasonable costs and fees incurred in making this motion (excluding any costs and fees associated with the meet and confer process) within fourteen days of the date of this order. Plaintiff's response, if any, is due seven days after the receipt of defendant's submission.

Dated this 8th day of April, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO COMPEL                    -15-