UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ALISON WARREN,                ) No. 2:11-cv-01800-RSL
                              )
             Plaintiff,       )
                              )
      v.                      ) ORDER GRANTING IN PART
                              ) PLAINTIFF'S MOTION TO
BASTYR UNIVERSITY, *et al.*,  ) COMPEL DISCOVERY RESPONSES
                              )
             Defendants.      )
_____)

This matter comes before the Court on plaintiff's "Motion to Compel Defendant Bastyr's Discovery Responses." Dkt. # 91. On January 17, 2013, the parties conducted a Rule 37 conference regarding twenty-four categories of documents. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Supplemental Responses to Categories 3, 4, 10, and 21**

Defense counsel agreed to conduct an additional search for documents responsive to categories 3, 4, 10, and 21 as identified in a letter from counsel dated January 9, 2013. Decl. of Daniel A. Berner (Dkt. # 92), Ex. 15. Plaintiff waited three weeks before filing this motion to compel. During that time, defense counsel provided some additional documents and requested that, if plaintiff continued to believe there were deficiencies in the production, she provide specific information that could "aid [defendant in its] analysis of whether [it] may have overlooked any areas where responsive documents might exist." Decl. of Daniel A. Berner (Dkt.

ORDER GRANTING IN PART
MOTION TO COMPEL

# 92), ex. 16. No documents responsive to categories 3, 4, 10, and 21 were provided, and there was no indication that any further searches were being conducted or any additional production were contemplated. Not surprisingly, plaintiff concluded that defendant would not be supplementing its disclosures unless and until plaintiff specifically identified documents she believed were missing from the production.

There does not, however, appear to be any actual dispute regarding categories 3, 4, 10, and 21. As of the date it filed its opposition, defendant was, slowly, completing another search of its records and conducting a relevancy review. If the supplemental production has not yet been made, defendant shall do so within seven days of the date of this Order.

## 2. Bastyr Communications Pertaining to Plaintiff

Plaintiff's Request for Production No. 20 seeks "all documents which relate or pertain in any way to communications between or among [Bastyr] and any of [its] faculty, staff, and administrators which relate or pertain in any way to Alison Warren." Decl. of Daniel A. Berner (Dkt. # 92), Ex. 1 at 16. This request, while broad in one sense, does not reach communications between Bastyr employees that do not pertain to plaintiff or communications from or between Bastyr's students. Defendant will not, therefore, be compelled to respond more fully to categories 18-20, 22, or 23.

## 3. Attorney-Client Privilege

Defendant claims that every document withheld on the ground of attorney-client privilege reflects communications between its employees and Steve Burgon, Bastyr's general counsel. Dkt. # 93 at 8. Even if true, that would not necessarily mean that the communication is privileged. Simply adding an attorney to a distribution list does not mean that the communication requests or reflects the advice of counsel. Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981). Other than the fact that an attorney was involved, defendant offers no context for or information regarding the communications that would support the conclusion that the privilege

ORDER GRANTING IN PART
MOTION TO COMPEL                            -2-

applies.

More fundamentally, defendant's privilege log identifies at least twenty emails between non-attorneys, with no indication that Mr. Burgon was involved at all. Decl. of Daniel A. Berner (Dkt. # 92), Ex. 17. Most of these emails are described as "Forward of attorney-client communications from Steve Burgon." The Court has no doubt that an employee who seeks the advice of counsel may forward the substance of that advice to others within the organization who have a need to know without losing its privileged character. It is not, however, clear that the underlying communications that are being forwarded are privileged. It is just as likely that they are simply business communications passed through the hands of counsel. This suspicion is heightened by the fact that one entry is specifically described as "regarding legal advice from Steve Burgon," which raises the obvious concern that the remaining entries do not, in fact, reflect legal advice.

Although defendant has not satisfied its burden of establishing the applicability of the privilege, the Court is reluctant to order production where the circumstances suggest that some of the communications have been legitimately withheld. The Court will, therefore, conduct an *in camera* review of the documents listed in Ex. 17 to the declaration of Daniel A. Berner (Dkt. # 92).

**4. Work-Product Doctrine**

The Ninth Circuit has held that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." In re Grand Jury Subpoena (Mark Torf), 357 F.3d 900, 907 (9th Cir. 2004). If a document would have been created in substantially similar form in the normal course of business, however, the fact that litigation is afoot will not protect it from discovery. Id. at 908. The distinction between

ORDER GRANTING IN PART
MOTION TO COMPEL                                       -3-

operational documents and those created in anticipation of litigation is consistent with the overarching goals of the work-product doctrine: "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." U.S. v. Nobles, 422 U.S. 225, 238 (1975). The disclosure of documents created in furtherance of a party's business objectives and in the absence of any instructions or input from counsel is hardly likely to impede counsel's analysis of or preparation for the case. As one court noted when applying the "because of" test:

> [A]lthough materials prepared by non-attorneys supervised by attorneys are capable of enjoying work-product protection, the degree to which counsel is involved in creating the document bears directly on whether the document was prepared in anticipation of litigation. This relationship can be thought of as a sliding scale, whereby a party's burden to demonstrate a document's litigious purpose increases - all other things being equal - as attorney involvement in creating the document decreases. This simple principle recognizes the reality that attorneys are the ones who actually litigate cases, and whether or not a company involves attorneys in creating a document is a telling indication about whether the document was prepared in anticipation of litigation.

U.S. v. ISS Marine Servs., Inc., __ F. Supp.2d __, 2012 WL 5873682, at *10 (D.D.C. Nov. 21, 2012).

   Defendant has withheld an unstated number of documents under the work-product doctrine, but offers no explanation other than "prepared in anticipation of litigation." For documents created after October 25, 2011, no privilege log has been produced at all. Taking as an example the attachment to Kyo Mitchell's December 9, 2011, email to Tim Callahan and Angela Tseng (Decl. of David A. Berner (Dkt. # 92), Ex. 19), there is no indication that an attorney requested, created, or reviewed the withheld proposal for how to approach plaintiff regarding reentry into the clinical program at Bastyr. Nor is there any reason to believe the document was created as part of an effort to prepare for litigation. Rather, the circumstances, timing, and language of the cover email suggest that Mr. Mitchell was attempting to develop an

ORDER GRANTING IN PART
MOTION TO COMPEL     -4-

operational plan of action for a student who had been suspended from clinical activities. The fact that those events gave rise to this litigation does not compel the conclusion that this document, sent without attorney involvement or oversight and dealing with Bastyr's normal business as an educational establishment, was created in anticipation of the litigation.

At most, defendant's have raised the possibility that documents containing communications with counsel (*i.e.*, documents that are potentially privileged) may also have been created in anticipation of litigation. The Court will review the documents *in camera* to determine whether either protection is available. Defendant shall supplement its privilege log to include any and all documents withheld on the ground of work-product protection that were not created by or at the request of counsel.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part. Defendant shall, within seven days of the date of this Order, supplement its responses to categories 3, 4, 10, and 21 as set forth in counsel's January 9, 2013, letter to the extent production has not yet been made. Defendant need not provide any additional response to categories 18-20, 22, or 23. Defendant shall, within fourteen days of the date of this Order, review, amend, and/or supplement its privilege log based on the above analysis and deliver the withheld or redacted documents to chambers for *in camera* review. The Court takes under advisement plaintiff's request for attorney's fees.

Dated this 17th day of May, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge